1  ALEXANDER B. CVITAN (SBN 81746),
   Email: alc@rac-law.com
2  J. DAVID SACKMAN (SBN 106703),
   Email: jds@rac-law.com
3  CANDICE I. BRENNER (SBN 283338), Members of
   Email: candiceb@rac-law.com
4  REICH, ADELL & CVITAN, A Professional Law Corporation
   3550 Wilshire Boulevard, Suite 2000
5  Los Angeles, California 90010-2421
   Telephone No.: (213) 386-3860; Facsimile No.: (213) 386-5583
6
   Attorneys for Plaintiff
7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  CONSTRUCTION LABORERS TRUST          Case No.: CV13-07485-GHK
    FUNDS FOR SOUTHERN                                        (VBK)
12  CALIFORNIA ADMINISTRATIVE
    COMPANY, a Delaware limited liability   COMPLAINT FOR:
13  company,
                                            1)  CONTRIBUTIONS TO
14                                              EMPLOYEE BENEFIT PLANS;
              Plaintiff,                    2)  INJUNCTIVE RELIEF
15                                              COMPELLING AUDIT; and
    v.                                      3)  PRELIMINARY AND
16                                              PERMANENT INJUNCTIVE
    ROSENDIN ELECTRIC, INC., a                  RELIEF
17  California corporation,
                                            [29 U.S.C. §§ 185, 1132 and 1145]
18
              Defendants.
19

20

21      Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN

22  CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability

23  company, alleges:

24  ///

25  ///

26  ///

27  ///

28  ///

                                  -1-

[JURISDICTION AND VENUE]

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans and against an employer in accordance with the terms and conditions of the plans, the collective bargaining agreements to which the employer is bound, and pursuant to statutes.  This action seeks: (1) to recover unpaid monthly employee fringe benefit contributions and other related damages due to the plans by the employer; (2) to compel the employer to submit its records for a complete audit; and (3) a preliminary and permanent injunction against the employer to compel compliance with its reporting requirements.  The jurisdiction of this Court is grounded upon sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Venue is proper in this district under 29 U.S.C. § 1132(e)(2) in that the plans are administered, the performance and breach took place, and one or more of the Defendants reside and/or are engaged in business in this district.

[PARTIES]

2.     Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY (ADMINCO) is an administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the LABORERS HEALTH AND WELFARE TRUST FUND FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS VACATION TRUST FOR SOUTHERN CALIFORNIA, LABORERS TRAINING AND RE-TRAINING TRUST FUND FOR SOUTHERN CALIFORNIA, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, CENTER FOR CONTRACT COMPLIANCE, LABORERS CONTRACT ADMINISTRATION TRUST FUND FOR SOUTHERN CALIFORNIA, LABORERS' TRUSTS ADMINISTRATIVE TRUST FUND FOR SOUTHERN CALIFORNIA, SAN DIEGO COUNTY

257900.4

1  CONSTRUCTION LABORERS PENSION TRUST FUND, and SAN DIEGO
2  CONSTRUCTION ADVANCEMENT FUND 2003 (hereinafter collectively referred to
3  as "TRUST FUNDS"). Each is an express trust, was created by written agreements, is
4  an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3),
5  and is a multi-employer plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. §
6  1002(37)(A), and are jointly-administered by labor and management in accordance with
7  LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). Plaintiff's principal place of business is in,
8  and the TRUST FUNDS are administered in, the County of Los Angeles, State of
9  California.

10      3.     Plaintiff is informed and believes, and on that basis alleges, that
11  Defendant ROSENDIN ELECTRIC, INC. ("EMPLOYER") is a California corporation,
12  with its principal place of business in the City of San Jose, County of Santa Clara, State
13  of California, and does business in the State of California as a construction contractor in
14  an industry affecting interstate commerce.

15

16                  **FIRST CLAIM FOR RELIEF**
17        **[FOR CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS]**
18                  **(Against EMPLOYER)**

19      4.     Plaintiff repeats, realleges, and incorporates by reference each and every
20  allegation contained above, as though fully set forth herein.

21

22                     **[AGREEMENTS]**
23      5.     EMPLOYER is, and at all relevant times was (including since at least
24  February 1972) bound to written collective bargaining agreements with the Southern
25  California District Council of Laborers and its affiliated Local Unions ("UNION"),
26  including one known as the "Southern California Master Labor Agreement" ("MLA"),
27  as it has been amended and renegotiated over the years.
28  ///

257900.4

6.      In about April 2013, EMPLOYER became bound to the "Mt. Signal Solar Farm Project Labor Agreement" ("PLA"), which is a collective bargaining agreement covering the work on on a private project in Imperial County, California, known as the "Mount Signal Solar Farm Project."  Pursuant to this PLA, a portion of the compensation due employees covered by the PLA on this project is payable to the TRUST FUNDS for fringe benefits at the rates specified therein.  All other provisions of the MLA, not in conflict with the PLA, apply to work on this project.

7.      Pursuant to the collective bargaining agreements (including the MLA and PLA), EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The aforementioned collective bargaining agreements and Trust Agreements will hereinafter be collectively referred to as "AGREEMENTS."

8.      The AGREEMENTS obligate EMPLOYER to pay a portion of the compensation due to its employees in the form of fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by said employees performing services covered by the AGREEMENTS.

9.      Under the terms of the AGREEMENTS, EMPLOYER is required to submit monthly reports to the TRUST FUNDS, with its monthly fringe benefit contributions, listing the names, social security numbers, and number of hours worked by its employees each laborer it employs hours worked that month for each employee covered by the AGREEMENTS.  EMPLOYER is additionally required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of hours worked (or paid for), multiplied by the applicable fringe benefit contribution rates.  Such reports and contributions are due on the 15th of the month following the month in which the work was performed, and are considered delinquent if not received by the 20th of the month.

///

-4-

10.     ADMINCO and the TRUST FUNDS rely on the EMPLOYER's monthly contribution reports – and the truth and accuracy of those reports – to determine the amount of fringe benefit contributions due to the TRUST FUNDS by EMPLOYER and to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  ADMINCO and the Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

11.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent fringe benefit contributions from their respective due dates through the payment date of the contributions, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

12.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to each of the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid contributions ($20.00 or 10% to the Laborers Contract Administration Trust Fund), whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

13.     The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the AGREEMENTS only to those subcontractors who are bound to an agreement with the UNION.  If EMPLOYER subcontracts such work to a non-signatory entity, or allows a subcontractor to subcontract such to a non-signatory entity, it becomes liable to the

1  TRUST FUNDS in an amount measured by the fringe benefit contributions, liquidated

2  damages, and interest that would be owed by the subcontractor if it had been signatory

3  to the AGREEMENTS.

4       14.    The AGREEMENTS further provide that if EMPLOYER subcontracts

5  work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work

6  covered under the AGREEMENTS to any subcontractor who is delinquent in its

7  obligations to the TRUST FUNDS under their collective bargaining agreements with

8  the UNION, then EMPLOYER will be financially obligated to the TRUST FUNDS for

9  the amounts owed by said delinquent subcontractor, including any fringe benefits,

10  liquidated damages, and interest owed.

11       15.    The AGREEMENTS provide the TRUST FUNDS with specific authority

12  to examine and copy all of EMPLOYER's payroll and business records which may be

13  pertinent to determining whether EMPLOYER has reported all hours worked by (or

14  paid for) its employees who perform services covered under the AGREEMENTS,

15  and/or has abided by the subcontracting provisions of the AGREEMENTS, and has paid

16  the appropriate fringe benefit contributions due by it to the TRUST FUNDS. The

17  AGREEMENTS further provide that if the audit reveals a delinquency, EMPLOYER

18  shall be responsible for the costs of such audit, and shall pay the TRUST FUNDS' audit

19  fees.  The TRUST FUNDS have delegated the authority to perform such audits to

20  Plaintiff.

21       16.    The AGREEMENTS require that employers, including EMPLOYER, pay

22  the TRUST FUNDS' attorneys' fees and costs of litigation to enforce the terms of the

23  AGREEMENTS, including but not limited to the provisions regarding fringe benefit

24  contributions, monthly contribution reports, subcontracting violations, and audits.

25  ///

26  ///

27  ///

28  ///

257900.4

## [BREACH OF AGREEMENTS]

17.     Plaintiff is informed and believes, and on that basis alleges, that from September 2009 to the present, EMPLOYER employed workers who performed services covered by the AGREEMENTS and EMPLOYER failed to pay fringe benefit contributions to the TRUST FUNDS at the rates set forth in the AGREEMENTS on behalf of those workers.

18.     Plaintiff is informed and believes, and based on such information and belief alleges that from September 2009 to the present, EMPLOYER subcontracted portions of its work covered by the AGREEMENTS to subcontractor(s) who were not parties to AGREEMENTS with the UNION, and is therefore liable for damages to the TRUST FUNDS relating to the work performed by said subcontractor(s), as set forth in the AGREEMENTS.

19.     ADMINCO has requested an audit of EMPLOYER's payroll and business records to determine whether EMPLOYER has paid the appropriate fringe benefit contributions to the TRUST FUNDS, but to date, EMPLOYER has produced only a small portion of the records requested, and has refused, and continues to refuse, to allow the TRUST FUNDS a complete audit of EMPLOYER's payroll and business records.

20.     From March 2009 through April 2013, EMPLOYER has failed to submit monthly reports and to pay fringe benefit contributions, even though it has employed employees performing work covered by the AGREEMENTS, requiring contributions to the TRUST FUNDS.

21.     Because of the failure of the EMPLOYER to submit monthly reports, and its failure and refusal to allow a complete audit of its books and records, the full amount of fringe benefit contributions due is not known at this time.

///

///

///

///

257900.4

**[PRESENTLY KNOWN PARTIAL DAMAGES]**

22.     Based on the limited records produced by the EMPLOYER, for the period from September 2012 through June 2013, ADMINCO has calculated damages in the sum of at least $215,835.56 in unpaid fringe benefit contributions, $78,201.88 in liquidated damages, and $2,772.00 in interest on the late and/or unpaid fringe benefit contributions owed to the TRUST FUNDS.  A full audit is required to determine the full amount of damages due.

23.     Under the AGREEMENTS and sections 515 and 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is liable to the TRUST FUNDS for pre-judgment and post-judgment interest on the delinquent sums at the rates provided for in the AGREEMENTS.

24.     The failure of EMPLOYER to pay contributions when due caused harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify. This may include the cost of collecting the contributions from EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late contributions, the temporary loss of insurance coverage by employees (even if later restored), and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay contributions.

25.     The liquidated damages provision of the AGREEMENTS was meant to compensate for this un-quantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

26.     Under the AGREEMENTS and pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 132(g)(2)(C), the EMPLOYER is also liable for liquidated damages on all contributions found to be unpaid or paid late.

257900.4

27.     It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS.  Under the terms of the AGREEMENTS and section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), Plaintiff is entitled to an award of its attorneys' fees and costs.

28.     Pursuant to the terms of the AGREEMENTS, and as authorized by ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the EMPLOYER will also be liable for the cost of the audit.

## SECOND CLAIM FOR RELIEF
## [INJUNCTIVE RELIEF COMPELLING AUDIT]

29.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation above, as though fully set forth herein.

30.     The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER's payroll and business records which may be pertinent to determining whether EMPLOYER has reported and paid fringe benefit contributions for all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has otherwise paid the all other amounts owed to the TRUST FUNDS.

31.     EMPLOYER has not fully produced its records for an audit as required by the AGREEMENTS.  Since May 2013, Plaintiff has requested access to EMPLOYER's payroll and business records for the purpose of conducting an audit.  However, EMPLOYER has only produced a small portion of the payroll and business records requested, and has failed and/or refused to allow the TRUST FUNDS access to any further records to complete the audit.

32.     This Court has authority under ERISA §§ 502(a)(3) and 502(g)(2)(E), 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), and under the AGREEMENTS, to compel EMPLOYER to submit its records for audit, as an accounting of contributions and other damages due.

257900.4

33.     Upon completion of the audit sought herein, Plaintiff may amend this complaint to seek recovery of any additional delinquent contributions found due, including interest, liquidated damages, audit costs, and attorneys' fees and costs, as provided for in the AGREEMENTS and 29 U.S.C. § 1132(g)(2), or may prove up the full damages at the time of trial or other hearing.

34.     An award of attorneys' fees and costs for compelling such audit to collect delinquent contributions, is required by the AGREEMENTS and under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

## THIRD CLAIM FOR RELIEF
### [FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF]
### (Against EMPLOYER)

35.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained above, as though fully set forth herein.

36.     Plaintiff's claim herein is for preliminary and permanent injunctive relief. Plaintiff requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3), to issue preliminary and permanent injunctive relief ordering EMPLOYER to comply with its obligations under the AGREEMENTS and section 515 of ERISA, 29 U.S.C. § 1145, to timely submit monthly reports to the TRUST FUNDS with the corresponding monthly fringe benefit contributions.

37.     As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit monthly reports to the Trustees indicating the names, social security numbers, and number of hours worked by each employee performing work covered by the AGREEMENTS.  EMPLOYER is required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of hours worked (or paid for), multiplied by the applicable fringe benefit contribution rates.

38.     From March 2009 through April 2013, EMPLOYER has completely failed to submit any reports.  Plaintiff is informed and believes, and on that basis

1  alleges, that EMPLOYER has nevertheless employed employees to perform work
2  covered by the AGREEMENTS.  EMPLOYER's employees have submitted claims
3  reflecting hours worked for EMPLOYER during the missing report periods where hours
4  worked were neither reported by EMPLOYER nor were contributions paid on their
5  behalf.  The limited records produced have provided evidence of employees performing
6  work for which contributions were required, but never reported or paid

7        39.     By reason of EMPLOYER's refusal to comply with its obligations under
8  the AGREEMENTS, the TRUST FUNDS have suffered, and will continue to suffer,
9  extreme hardship and actual and impending irreparable injury and damage in that the
10 TRUST FUNDS are unable to determine the credit for benefits of participants in the
11 various TRUST FUNDS.  In addition, the amount of benefits payable to all employees
12 for health and welfare and pension claims is actuarially determined on the basis of
13 funds projected to be received from contributing employers.  The submission of
14 monthly report forms from EMPLOYER without the required payments or submission
15 of reports with under reported hours worked by employees, necessarily contributes to
16 the total potential liability of the TRUST FUNDS for health and welfare and pension
17 claims without the TRUST FUNDS being able to readjust or recompute benefit levels
18 based upon EMPLOYER's failure to pay contributions on a monthly basis.

19       40.     It has been necessary for the TRUST FUNDS to engage counsel to bring
20 this action to compel compliance with the AGREEMENTS. The AGREEMENTS
21 provide that in the event litigation is necessary to enforce any of the fringe benefit
22 obligations of EMPLOYER, EMPLOYER would pay reasonable attorneys' fees and all
23 other reasonable expenses of collection, including audit fees.

24       41.     An award of attorneys' fees and costs is required by the AGREEMENTS
25 and provided for under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

26 ///
27 ///
28 ///

257900.4

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

## FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Against EMPLOYER)

1.     For the sum of at least $215,835.56 in unpaid fringe benefit contributions, plus further amounts as revealed by audit and/or proven at trial,  as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2.     For interest on the unpaid and/or late monthly fringe benefit contributions, at the plan rate(s) as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(B);

3.     For liquidated damages on the unpaid (or late-paid) contributions, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.     For damages for subcontracting violations of the AGREEMENTS, measured by the amount of fringe benefit contributions, interest and liquidated damages which would have been paid by such subcontractors if they had been signatory to the AGREEMENTS.

5.     For reasonable attorneys' fees and costs of suit herein, as required by the AGREEMENTS and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D);

6.     For the cost of the audit, as required by the AGREEMENTS and authorized by ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E); and

7.     For such other and further relief as the Court deems just and proper.

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Against EMPLOYER and its Agents)

1.     That EMPLOYER, including its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any one or more of them, be compelled to forthwith submit to a complete audit of EMPLOYER's payroll and business records from September 2009 through the date of

257900.4

1   the audit, and that EMPLOYER produce the following payroll and business records to

2   ADMINCO for inspection, examination and copying, for this period:

3       1.1.   All payroll and employee documents including, but not limited to,

4               EMPLOYER's payroll journals, employees earning records,

5               certified payrolls, payroll check books and stubs, canceled payroll

6               checks, payroll time cards, state and federal payroll tax returns,

7               labor distribution journals, and any other documents reflecting the

8               number of hours which EMPLOYER's employees worked, their

9               names, social security numbers, addresses, job classifications, and

10              the projects on which the employees performed their work.

11      1.2.   All EMPLOYER's job files for each contract, project or job on

12              which EMPLOYER worked, including all documents, agreements,

13              and contracts between EMPLOYER and any general contractor,

14              subcontractor, builder and/or developer, field records, job records,

15              notices, project logs, supervisor's diaries or notes, employees

16              diaries, memorandum, releases, and any other documents which

17              related to the supervision of EMPLOYER's employees and the

18              projects on which they performed their work.

19      1.3.   All EMPLOYER's documents related to cash receipts, including

20              but not limited to, the cash receipts journals, accounts receivable

21              journals, accounts receivable subsidiary ledgers, and billing

22              invoices for all contracts, projects or jobs on which EMPLOYER

23              worked.

24      1.4.   All EMPLOYER's bank statements for all checking, savings, and

25              investment accounts.

26      1.5.   All EMPLOYER's documents related to cash disbursements,

27              including but not limited to, vendors' invoices, cash disbursement

28              journals, accounts payable journals, check registers, and all other

documents which indicate cash disbursements.

    1.6.    All collective bargaining agreements between EMPLOYER and any other trade union and all Monthly Report Forms submitted by EMPLOYER to any other union trust fund.

2.    For any unpaid fringe benefit contributions found to be due, along with interest and liquidated damages, as required by the AGREEMENTS and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

3.    For reasonable attorneys' fees and costs of suit;

4.    For the cost of the audit; and

5.    For such other and further relief as the Court deems just and proper.

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (Against EMPLOYER)

1.    That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of the aforementioned:

That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m. on the 20th day of each month for the duration of the AGREEMENTS:

    1.1.    A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed who were covered by the AGREEMENTS;

    1.2.    An affidavit or declaration from a responsible officer of EMPLOYER attesting from his or her own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

    1.3.    A cashier's check made payable to the "Construction Laborers

1                   Trust Funds for Southern California" for the full amount of the

2                   fringe benefit contributions due on EMPLOYER's monthly

3                   contribution reports for each account for which a report is to be

4                   submitted.

5       2.      For reasonable attorneys' fees;

6       3.      For costs of suit herein; and

7       4.      For such other and further relief as the Court deems just and proper.

8

9                            Respectfully Submitted,

10

11                      ALEXANDER B. CVITAN,
                       J. DAVID SACKMAN, and

12                      CANDICE I. BRENNER, Members of
                     REICH, ADELL & CVITAN

13                      A Professional Law Corporation

14 Dated:  October 8, 2013

15                      By: J. DAVID SACKMAN
                       Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

257900.4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____George H. King_____ and the assigned Magistrate Judge is _____Victor B. Kenton_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-7485-GHK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____October 9, 2013_____
Date

By _____MDAVIS_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ Central District of California _____

|  |  |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>ROSENDIN ELECTRIC, INC., a California corporation,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **CV 13-07485-GHK (VBK)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> ROSENDIN ELECTRIC, INC., a California corporation
> 880 Mabury Road
> San Jose, California 95133

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> REICH, ADELL & CVITAN, A Professional Law Corporation
> Attn: J. David Sackman, Esq.
> 3550 Wilshire Boulevard, Suite 2000
> Los Angeles, California 90010-2421

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: **OCT - 9 2013** _____        _____
                                                                  *Signature of Clerk or Deputy Clerk*

1227

AO-440

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA
ADMINISTRATIVE COMPANY, a Delaware limited liability company,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

ROSENDIN ELECTRIC, INC., a California corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

J. DAVID SACKMAN (SBN 106703), A Member of
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000, Los Angeles, California 90010-2421
Telephone No.: (213) 386-3860; E-mail: jds@rac-law.com

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for: (1) Contributions to Employee Benefit Plans; (2) Injunctive Relief Compelling Specific Performance; and (3) Preliminary and Permanent Injunctive Relief

---

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☒ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**   Case Number:   CV13-07485

CV-71 (09/13)                CIVIL COVER SHEET                Page 1 of 3

COPY

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | | Western |
| | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** | **A DEFENDANT?** | |
| ☐ Yes  ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** J. DAVID SACKMAN, ESQ.          DATE: October 8, 2013

---

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |